IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAUREN M. HALES, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-02622 |
| ) | |
| vs. ) | The Honorable Thomas M. Durkin |
| ) | |
| TIMBERLINE KNOLLS, LLC, now known ) | |
| as R.M. BROWN ENTERPRISES, LLC, ) | |
| SEMONE M. WEST, M.D., THOMAS ) | |
| DATTALO, MARK DeDONATO, ) | |
| TIMBERLINE KNOLLS HOLDING, LP ) | |
| and TIMBERLINE KNOLLS ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' COMBINED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, LAUREN M. HALES, (hereafter "Lauren") by and through her attorney, LAW OFFICES OF JAMES A. HALES, PLLC, and submits her sur-reply in opposition to Defendants' Combined Motion to Dismiss Plaintiff's First Amended Complaint filed herein by Defendants, TIMBERLINE KNOLLS, LLC, now known as R.M BROWN ENTERPRISES, LLC, SEMONE M. WEST, M.D., THOMAS DATTALO and MARK DeDONATO (hereafter collectively "Defendants"), and states the following:

### INTRODUCTION

Defendant's Reply in Support of Their Combined Motion to Dismiss Plaintiff's First Amended Complaint cites four new cases not previously cited in Defendant's initial brief; nor were any of these cases cited in Lauren's opposition brief: *Keen v. Brown*, 958 F.Supp. 70, 72

**EXHIBIT B**

(D. Conn. 1997); *Con-Way Cent. Exp., Inc. v. Fujisawa U.S.A., Inc.,* 1992 WL 168553, *7 (N.D. Ill. 1992); *Olopai v. Guerrero*, 1993 WL 384960, *4 (D.N. Mar. I. 1993); and *Park Nat. Bank of Chicago v. Michael Oil Co.*, 702 F. Supp., 703, 704 (N.D. Ill. 1989). What Defendants fail to point out, however, is that these newly cited cases were all decided long before the decision in *Collins v. Lake Forest Hospital*, 821 N.E.2d 316 (2004), 213 Ill.2d 234, 290 Ill.Dec. 265, when the Illinois Supreme Court determined that a private right of action <u>does</u> exist under the Illinois Health Care Surrogate Act (755 ILCS 40/1 et seq.) ("IHCSA"), a medical statute very similar to the Illinois Mental Health and Developmental Disabilities Code (405 ILCS 5/) ("IMHDDC") at issue in the case at bar. *Collins* presents substantially similar issues involving similar statutes and is on point.

## ARGUMENT

### I. The Illinois Supreme Court's Decision in *Collins* Post-Dates Each Of The Four New Cases Cited By Defendants And Is Controlling

Defendants newly cited cases were all decided from 1989 – 1997. Only two are Illinois Appellate Court decisions: *Con-Way Cent. Exp., Inc. v. Fujisawa, supra,* and *Park Nat. Bank of Chicago v. Michael Oil Co.*, *supra*. The other two cases are district court opinions from other jurisdictions: *Keen v. Brown*, *supra*, is a Connecticut District Court case and *Olopai v. Guerrero, supra,* is a Northern Mariana Islands District Court case. To the extent that the decision in *Collins* relates to the issues presented by the instant motion, the pronouncements by the Illinois Supreme Court in that case constitute the law of the land in Illinois and are to be deemed the rules of decision to be applied by this court. 28 U.S. Code § 1652.

### II. *Collins* Presents Substantially Similar Issues Involving Similar Statutes And Is On Point

The facts in *Collins* revolved around a hospitalized patient who suffered a traumatic head injury and died after being removed from life support, allegedly without authority or permission.

*Collins*, *supra*, at 317 – 318.  The only issue before the Court was the dismissal of Count III, wherein plaintiffs alleged that defendants violated their statutory duty under the IHCSA.  *Id.* at 318.  The Court noted the importance of rendering a decision regarding duties to medical patients who lack mental capacity, stating, "At this time we choose to address the issue of a health care provider's duty under the Act because it is critical to the development of a sound body of precedent concerning the proper interpretation, and thus implementation, of legislation concerning vital care and treatment decisions for patients lacking decisional capacity, including the termination of life-sustaining procedures." (citing, *Golden Rule Insurance Co. v. Schwartz*, 203 Ill.2d 456, 463, 272 Ill.Dec. 176, 786 N.E.2d 1010 (2003).

It is important to note at the onset that *Collins* was first decided by the same Illinois Appellate Court that rendered the decision in *Chadwick v. Al-Basha*, 692 N.E.2d 390, 295 Ill.App.3d 75 (Ill.App. 2 Dist., 1998), a case upon which Plaintiff relies heavily and has argued is controlling with regard to the instant motion.  Like the case at bar, one of the primary issues for the Appellate Court in *Collins* was the lack of a certificate of merit as required by 735 ILCS 5/2-622 in healing arts malpractice actions.  The Appellate Court in *Collins* held that such a certificate was not required when a violation of statutory duty was pled, specifically basing its decision on its prior holding in *Chadwick*, stating, "[S]imilar to *Chadwick*, plaintiffs in the case at bar do not allege that defendants 'improperly exercised [their] professional skill' (*Chadwick*, 295 Ill.App.3d at 81, 229 Ill. Dec. 617, 692 N.E.2d 390), but rather that they failed to follow the procedures set forth by statute. Accordingly, we hold that plaintiffs are not required to comply with section 2-622, and the trial court erred in dismissing counts III and VI [violation of statutory duty] of their amended complaint."  *Collins v. Lake Forest Hospital*, 798 N.E.2d 143, 148 (2003), 343 Ill. App.3d 353, 278 Ill.Dec. 296.

It is also important to recognize that the IHCSA at issue in *Collins* and the IMHDDC at issue in the case at bar are similar in many respects. Both are the result of legislative acknowledgment that a specific statutory framework is necessary to address the unique needs of patients who suffer from a mental condition. Within that framework, both contain specific statutory requirements to protect the rights of those patients, e.g., the codified right under the IHCSA to not have life-sustaining treatment withheld as a result of haphazard decisions (*See generally*, 755 ILCS 40/1 et seq.), and the codified right under the IMHDDC that, "Every recipient of services in a mental health or developmental disability facility shall be free from abuse and neglect." 405 ILCS 5/2-112 (emphasis provided). Perhaps most importantly, the IHCSA and the IMHDDC were both promulgated with the intent to impose specific statutory duties on medical providers. Although Defendants' reply continues to argue that no private right of action exists with respect to the IMHDDC, neither it nor the IHCSA contain any enforcement procedures. As the U.S. Supreme Court has held in the context of federal law, "The presumption that a [private] remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.'" *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96, 107 (1985), quoting *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 97, 101 S.Ct. 1571, 1583-84, 67 L.Ed.2d 750, 767 (1981).

### III. The Illinois Supreme Court's Finding Re: A Private Right Of Action In *Collins* Is Equally Applicable To The Instant Motion

Each of the plaintiffs in *Collins* were private individuals and there was no government involvement as a party. Although the trial court initially dismissed the violation of statutory duty counts (Counts III and VI), based on the lack of a section 2-622 certificate of merit, the Appellate Court reversed, in keeping with its holding in *Chadwick*, *supra*. The Illinois Supreme

Court then granted certiori solely to decide the merits of Count III *de novo* (*Collins*, at 319). It did not reverse the Appellate Court's ruling that a private right of action existed under the IHCSA, or that a section 2-622 certificate of merit was inapplicable to that right. In fact, the *Collins* court decided the merits of a violation of statutory duty count alleged by individual plaintiffs even while acknowledging, "The Act is intended, in relevant part, to provide a process for making private medical and life-sustaining treatment decisions 'without judicial involvement of any kind.' 755 ILCS 40/5(b) (West 2000)." *Collins*, at 320. Although the *Collins* court ultimately determined that the defendants had not breached their statutory duty under the facts of that particular case (*Collins*, at 322), for purposes of the instant motion the decision itself matters not – what is relevant to these proceedings, and what Lauren respectfully submits is controlling on this court, is the Illinois Supreme Court's finding that a private right of action for breach of statutory duty exists under a medical statute very similar to the IMHDDC, and that an individual plaintiff can pursue that right without providing a section 2-622 certificate of merit.

## CONCLUSION

By reason of the foregoing, the instant motion should be denied.

                                                Respectfully submitted,

                                                ___/S/___ JAMES A. HALES_____
                                                Law Offices of JAMES A HALES, PLLC
                                                1703 Koestner Street
                                                Burlington, IA 52601
                                                Telephone: (319) 572-0622
                                                jhales@iowalaw.us.com
                                                ATTORNEY FOR PLAINTIFF