IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAUREN M. HALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-02622 |
| ) | |
| TIMBERLINE KNOLLS, LLC, now known as ) | Judge Thomas M. Durkin |
| R.M. BROWN ENTERPRISES, LLC, ) | |
| SEMONE M. WEST, M.D., THOMAS DATTALO,) | |
| MARK DeDONATO, TIMBERLINE KNOLLS ) | |
| HOLDING, LP and TIMBERLINE KNOLLS ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
TO COMPEL AND AMEND THE DISCOVERY SCHEDULE**

NOW COME Defendants, TIMBERLINE KNOLLS, LLC, now known as R.M. BROWN ENTERPRISES, LLC, SEMONE M. WEST, M.D., THOMAS DATTALO, and MARK DeDONATO, (hereinafter collectively referred to as "Defendants"), by and through their attorneys, HALL, PRANGLE & SCHOONVELD, LLC, and in support of their Motion to Dismiss pursuant to F.R.C.P. 41, or in the alternative, to Compel and Amend the Discovery Schedule pursuant to F.R.C.P. 37, state as follows:

1. On February 23, 2016, Plaintiff, a former resident of Timberline Knolls, a residential treatment center for adolescents and adults suffering from addiction and mental health disorders, filed her Second Amended Complaint (hereinafter "Complaint") alleging various causes of action, including claims based upon purported statutory violations, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with the physician-patient relationship, intentional infliction of emotional distress, and breach of contract. *See* Plaintiff's Second Amended Complaint, attached hereto as **Exhibit A**.

1

2. Prior to the filing of Plaintiff's Second Amended Complaint, on October 29, 2015, this Court entered a discovery schedule which included the dates on which parties were to propound written discovery, January 8, 2016, and the date on which fact discovery would close, September 1, 2016. *See* Minute Order of Oct. 29, 2015, attached hereto as **Exhibit B**. In compliance with this Court's orders that followed, Defendants answered written discovery by March 24, 2016. Over the ensuing months, Plaintiff did not answer written discovery; accordingly, Defendants filed a Motion to Compel. *See* Defts.' Mtn. to Compel, attached hereto as **Exhibit C**.

3. On June 15, 2016, after being entered and continued, Defendants re-presented their Motion to Compel and asked this Court to amend the discovery schedule due to the delay caused by Plaintiff's failure to answer discovery. This Court entered and continued Defendants' Motion to Compel and granted Plaintiff until July 15, 2016 to answer written discovery. *See* Ct. Order of June 15, 2016, attached hereto as **Exhibit D**.

4. On October 21, 2016 a status hearing was held regarding pleadings and discovery. Plaintiff still had not complied with this Court's prior orders as she had failed to answer written discovery. At the hearing, this Court granted Plaintiff another extension of time to answer written discovery up to October 31, 2016. *See* Ct. Order of Oct. 21, 2016, attached hereto as **Exhibit E**. The Order specifically indicated that if Plaintiff failed to comply, this Court would entertain Defendants' Motion to Dismiss for Want of Prosecution. *See* Ex. E.

5. On October 31, 2016 at 11:10 p.m. Plaintiff's counsel sent, via e-mail, Plaintiff's answers to written discovery. *See* Oct. 31, 2016 Corresp., attached hereto as **Exhibit F**. On November 1, 2016 another status hearing was held, during which this Court amended the discovery schedule again and ordered that fact discovery be closed on June 1, 2017. *See* Ct. Order of Nov. 1, 2016, attached hereto as **Exhibit G**.

6. Following review of Plaintiff's answers to written discovery, on November 14, 2016, Defendants' Counsel forwarded an authorization form that was required by Presence Saint Joseph Hospital to be completed in order for Defendants to obtain certain critical psychiatric medical records from the facility. *See* Nov.-Dec., 2016 Corresp., attached hereto as **Group Exhibit H.** Indeed, despite multiple correspondences, Plaintiff did not respond to Defendants requests for signed authorization until December 26 and 29, 2016. *See* Grp. Ex. H *and* Dec. 26 and 29, 2016 Corresp., attached hereto as **Exhibit I.**

7. Despite not having received the authorizations, in effort to keep discovery moving, to the extent that Defendants' counsel could, a request was made on Plaintiff's counsel for dates that Plaintiff, her mother and her father would be available for their discovery depositions. *See* Dec. 9 and 12, 2016 Corresp., attached hereto as **Exhibit J.** Additionally, despite the Court's October 21, 2016 Order, Plaintiff still had not complied with the written discovery requests because he had not produced documents requested pursuant to Rule 34, namely the medical records he (or his client) had in his possession (or available to him or his client) from the critical time period. *See* Ex. J.

8. After a delay in receiving some of the subpoenaed medical records and following review of the records from Silver Cross Hospital and Presence Saint Joseph Hospital – Joliet, it became immediately apparent that the records Defendants requested pursuant to Rule 34 were critical to the case. Specifically, it was not clear whether all the references and citations to the information in the medical records contained in Plaintiff's Second Amended Complaint were contained in the hospital charts Defendants' counsel received via subpoena. Accordingly, another correspondence was sent to Plaintiff's counsel following up again on the December 6, 2016 correspondence requesting production of records pursuant to Defendants' initial Rule 34 requests. In the same

correspondence counsel for Defendants again requested dates for Plaintiff's, and her parents' depositions. *See* March 3, 2017 Corresp., attached hereto as **Exhibit K**. Plaintiff's counsel responded on March 6, 2017 and explained he would provide the requested information and documents by March 7, 2017. *See* March 6, 2017 Corresp., **Exhibit L**. As of March 9, 2017 Plaintiff has not produced the requested information or documents. *See* March 9, 2017 Corresp., attached hereto as **Exhibit M**.

9. To date, Plaintiff has not complied with any the multiple requests outlined in this Motion; namely production of documents pursuant to Rule 34 discovery that was propounded well over a year ago. Moreover, Plaintiff's counsel's responsiveness during this process has also been problematic. In addition to multiple instances of simply not responding to correspondence regarding discovery, when he does communicate with counsel he represents that he will respond to the requests; however, he does not. Plaintiff's failure to comply with the rules of discovery, this Court's orders and to respond to Defendants' discovery requests has caused significant delays in the progression of discovery. Indeed, these delays are negatively impacting the Defendants' ability to comply with discovery cutoff dates set by this Court and to properly defend themselves against the allegations in Plaintiff's Second Amended Complaint.

10. It has now been well over four (4) months since the Court's October 21, 2016 Order compelling Plaintiff's response to all outstanding written discovery. However, Plaintiff is still not in compliance with that order. Furthermore, it is well over four (4) months since the Court set the June 1, 2017 fact discovery closure date and the delays caused by Plaintiff's lack of responsiveness and failure to comply with discovery rules and Court orders, will make it extremely difficult to complete discovery by the June 1, 2017 cutoff date. Indeed, this prejudices the Defendants in this case. Plaintiff continuously fails to timely respond to Defense counsel's

4

discovery requests, impeding the process of fact discovery. This pattern of delay is not new. Indeed, despite this Court's multiple extensions of time, Plaintiff took almost ten (10) months to answer initial written discovery propounded pursuant to Rules 33 and 34 during which time multiple Court orders were violated by Plaintiff. Indeed, she is has still not fully answered Defendants' Rule 34 discovery requests.

11. Before beginning oral fact discovery, Defendants require the records requested pursuant to Rule 34. Moreover, in order to begin oral discovery, Defendants require available deposition dates for Plaintiff and her family members, who were disclosed in Plaintiff' Rule 26(a) disclosures. *See* Pltf.'s R. 26(a) Disclosures, p. 2, attached hereto as **Exhibit N**. Plaintiff's delay and lack of responsiveness is negatively impacting the progression of discovery in this case and the Defendants are being prejudiced by these undue delays.

12. In light of Plaintiff's recent conduct, which is simply a continuation of a pattern of previous conduct, Defendants now respectfully request that this Court re-visit Defendants' request to dismiss Plaintiff's causes of action against Defendants pursuant to Federal Rule of Civil Procedure 41(b). Specifically, Plaintiff's pattern of non-compliance with this Court's prior orders, along with her inexcusable failure to timely respond to Defendants' discovery requests is evidence of the failure to prosecute this matter. This case is now well over one (1) year old and the parties have not begun oral fact discovery.

13. Accordingly, Defendants request that this Court dismiss Plaintiff's Complaint pursuant to its authority to do so under Federal Rule of Civil Procedure 41(b) due to Plaintiff's persistent pattern of non-compliance and lack of compliance with Court orders and Rules of Discovery and her lack of cooperation with discovery requests.

14. In the alternative, Defendants respectfully request that this Court compel Plaintiff to respond to the Defendants' requests to produce all medical/treatment records pursuant to Rule 34 within seven (7) days; to provide dates available for her and her parents' discovery depositions; and to extend the fact discovery closure date to September 1, 2017.

WHEREFORE, Defendants, TIMBERLINE KNOLLS, LLC, now known as R.M. BROWN ENTERPRISES, LLC, SEMONE M. WEST, M.D., THOMAS DATTALO, and MARK DeDONATO, respectfully request that this Court enter an order consistent with the relief sought by Defendants as set forth in their Motion to Dismiss or, in the alternative, to Compel and to Amend the Discovery schedule and for any other relief this Court deems proper and just.

Respectfully Submitted,

HALL, PRANGLE & SCHOONVELD, LLC

/es/ Bill Souferis
One of the Attorneys for Defendants

Mary N. Nielsen (ARDC #6225462)
Bill P. Souferis (ARDC #6310216)
HALL, PRANGLE & SCHOONVELD, LLC
200 S. Wacker Dr., Suite 3300
Chicago, IL 60606
Phone No. 312-345-9600
Fax No. 312-345-9608
HPSDocket@hpslaw.com

4820-1997-3950, v. 1

6